**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 4:26-CR-00011** |
| | : | |
| **EMMA BRADSHAW,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S MOTION FOR DETENTION**

COMES NOW the United States of America, by and through its attorney, the United States

Attorney for the Middle District of Georgia, and requests that the defendant be detained pursuant

to 18 U.S.C. § 3142(e) and (f), and in support of said motion shows the following:

1.    Reason for Detention.

The Court should detain the defendant because there are no conditions of release which

will reasonably assure (check one or both):

☒    the defendant's appearance as required; and/or

☐    the safety of any other person or the community.

2.    Eligibility of Case.

This case is eligible for a detention order because it involves (check all that apply):

☐    a crime of violence (18 U.S.C. § 3156), sex trafficking (18 U.S.C. § 1591), or a

federal crime of terrorism (18 U.S.C. § 2332b(g)(5)(B)) for which a maximum term

of imprisonment of ten years or more is prescribed;

☐    an offense for which the maximum sentence is life imprisonment or death;

☐    a drug offense with a maximum term of imprisonment of ten years or more;

☐     a felony where the defendant has two or more prior convictions in the above three categories, or two or more State or local offenses that would have been offenses in the above three categories if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such Federal, State or local offenses;

☐     a felony which is not otherwise a crime of violence that involves (1) a minor victim, (2) the possession or use of a firearm or destructive device (18 U.S.C. § 921), or any other dangerous weapon, or (3) a failure to register as a sex offender (18 U.S.C. § 2250);

☒     a serious risk that the defendant will flee; or

☐     a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

3.     <u>Rebuttable Presumption (optional)</u>.

If set forth below, the Government invokes the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community, pursuant to 18 U.S.C. §§ 3142(e)(2) and 3142(e)(3), because (check all that apply):

☐     there is probable cause to believe that the defendant committed a drug offense with a maximum term of imprisonment of ten years or more;

☐     there is probable cause to believe that the defendant used or carried a firearm during and in relation to a crime of violence or drug trafficking crime, or possessed a firearm in furtherance of any such crime (18 U.S.C. § 924(c));

☐     there is probable cause to believe that the defendant committed an offense involving a minor victim, as set forth in 18 U.S.C. § 3142(e)(3)(E);

2

☐ there is probable cause to believe that the defendant conspired to kill, maim, or injure persons or damage property in a foreign country (18 U.S.C. § 956);

☐ there is probable cause to believe that the defendant committed an act of terrorism transcending national boundaries (18 U.S.C. § 2332b) or a federal crime of terrorism as set forth in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed;

☐ there is probable cause to believe that the defendant committed a crime of peonage, slavery or human trafficking for which a maximum term of imprisonment of 20 years or more is prescribed (18 U.S.C. §§ 1581-1596); or

☐ the defendant has been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been an offense described in § 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed; the offense was committed while the defendant was on release pending trial for a Federal, State, or local offense; and a period of not more than five years has elapsed since the date of conviction for the offense, or the release of the defendant from imprisonment, whichever is later.

4. <u>Time for Detention Hearing</u>.

The Government requests that the Court conduct the detention hearing:

☒ at the initial appearance; or

☐ after a continuance of three days.

3

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

RESPECTFULLY SUBMITTED, this 15th day of June, 2026.

WILLIAM R. KEYES
UNITED STATES ATTORNEY


By:   */s/Veronica Hansis*
VERONICA HANSIS
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 995213
24 12th Street, 2nd floor
Columbus, GA 31901
Telephone: 706-649-7700
Facsimile:  706-649-7767
Veronica.Hansis@usdoj.gov

## CERTIFICATE OF SERVICE

I, Veronica Hansis, Assistant United States Attorney, hereby certify that I electronically filed the within and foregoing ***Government's Motion for a Detention Hearing*** by electronically filing said motion with the Clerk of the Court using the CM/ECF system.

This 15th day of June, 2026.

WILLIAM R. KEYES
UNITED STATES ATTORNEY


By:  */s/Veronica Hansis*
VERONICA HANSIS
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 995213
24 12th Street, 2nd floor
Columbus, GA 31901
Telephone: 706-649-7700
Facsimile:  706-649-7767
Veronica.Hansis@usdoj.gov